961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Quentin M. DERRYBERRY. II. Defendant-Appellant.
 No. 89-3794.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In 1987, the defendant, Quentin Derryberry, was convicted of embezzlement and perjury,[1] and was sentenced to probation and ordered to make restitution in the amount of $8,500.00 to the Estate, pursuant to 18 U.S.C. § 3579.[2] This court reversed the embezzlement conviction in United States v. Derryberry, 1988 W.L. (6th Cir.).[3] However, the court upheld the perjury conviction and the sentence, including imposition of the restitution.
 
 
 2
 On May 22, 1989, the defendant filed a motion for early termination of probation and clarification of the sentencing order of restitution, which the court denied. Later, the defendant filed a motion for correction of an illegal sentence, which the court also denied, relying on Derryberry. The district court emphasized that this court found that the defendant had deposited the $8,500.00 in his personal checking account and affirmed the defendant's sentence. The district court ordered restitution for the benefit of "all of the estate creditors." The defendant appeals from this order, arguing that because the embezzlement conviction was reversed, he cannot be required to pay restitution to the Estate, which was not a victim of the offense of conviction (perjury).[4] For the following reasons, we AFFIRM.
 
 
 3
 Although the parties present several arguments on appeal, we need not address them because the "law of the case" doctrine, which the parties failed to raise, warrants our discretionary denial of review of this previously presented issue. See United States v. Todd, 920 F.2d 399 (6th Cir.1990). The "law of the case" doctrine warrants that this court give effect to its prior decisions in the same case. Id. at 403 (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). Although the "law of the case" doctrine vests this court with discretion to review prior decisions in the same case, this discretion should be exercised only in extraordinary circumstances. Id.
 
 
 4
 This court's affirmation of the defendant's sentence, including the restitution order, was not merely dicta as the defendant contends. This court was required to determine the sentencing effect of reversing the embezzlement conviction. Therefore, this court's affirmation of the defendant's sentence was an integral part of its prior decision. This case does not present the court with any extraordinary circumstances, so we decline to reconsider the issues from our prior decision. For the aforementioned reasons, the district court's decision is AFFIRMED.
 
 
 
 [1]
 The defendant was the Trustee of the bankrupt estate of James Hartley ("Estate"). The defendant was charged with embezzling $8,500.00 from the Estate. The perjury conviction stemmed from the defendant's false testimony that he had not possessed the allegedly embezzled bankruptcy funds and that he was not aware that Merle Weber, an alleged co-conspirator, had endorsed checks, representing property of the Estate, with the defendant's name
 
 
 [2]
 The judgment and probation order made no reference to which Count the restitution pertained
 
 
 [3]
 This opinion is available in the WESTLAW Federal Directory, Sixth Circuit Database. However, the WESTLAW cite does not contain a page number. The embezzlement conviction was reversed on res judicata grounds. This court looked to prior findings of the bankruptcy court in In re Hartley, 50 B.R. 852 (Bankr.N.D.Ohio 1985). This court noted that the orders of the bankruptcy court were contradictory on whether the embezzled funds constituted property belonging to the bankruptcy estate
 
 
 [4]
 The bankruptcy court found that the $8,500.00 was not the Estate's property